UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO APOLINARIO,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED HEALTHCARE WORKERS--WEST, SERVICE EMPLOYEES INTERNATIONAL UNION CTW, CLC,<br><br>  Defendant. | Case No. 3:13-cv-04219-JST<br><br>**ORDER GRANTING DEFENDANT UNITED HEALTHCARE WORKERS - WEST'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>RE: ECF No. 11 |

Before the Court is United Healthcare Workers — West's ("UHW") motion to dismiss the First Amended Complaint. Mot., ECF No 11; FAC, ECF No. 10. The Court will grant the motion.

I. **BACKGROUND**

This action arises out of Seton Medical Center's termination of Plaintiff, Ricardo Apolinario, and United Healthcare Workers West, Service Employees International Union's (UHW) failure to maintain a grievance on behalf of Apolinario.

The Court draws the following facts from Apolinario's Fist Amended Complaint and Construes them in the light most favorable to Apolinario. Apolinario was employed by Seton Medical Center from 1993 to 2013. In 2012, Seton issued Apolinario a "NOTICE OF FINAL WRITTEN WARNING AND THREE (3) DAY SUSPENSION" for "repeated rude and offensive conduct" and "demeaning and disrespectful comments about supervisory personnel." FAC ¶ 11. Related to this disciplinary action, Apolinario was required to sign a "Last Chance Agreement" or face "immediate termination." Id. ¶ 12.

In 2013, Apolinario was terminated based on the allegation that he again "engaged in rude conduct toward a co-worker in violation of said Last Chance Agreement." Id. ¶ 16. UHW initially lodged a grievance on behalf of Apolinario, but subsequently withdrew it. Id. ¶ 17. Apolinario appealed the UHW's decision and UHW denied the appeal. Id. ¶¶ 19–20.

Apolinario subsequently brought this action alleging that, in failing to pursue his grievance, UHW breached its duty of fair representation. Plaintiff also named as a Defendant Seton Medical Center, which answered on January 16, 2014.

## II. JURISDICTION

Section 301 of the Labor Management Relations Act ("LMRA") grants federal district courts original jurisdiction over claims for violations of contracts between an employer and a union. 28 U.S.C. § 185(a). Since this case is founded on a claim arising under federal law, jurisdiction is proper pursuant to 28 U.S.C. § 1331.

## III. LEGAL STANDARD

In a motion to dismiss, courts accept the material facts alleged in the complaint, together with reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## IV. ANALYSIS

Apolinario alleges that UHW breached its duty of fair representation by failing to pursue a grievance on his behalf. FAC ¶¶ 24–25. He alleges that UHW's conduct was undertaken "maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and

1   from an improper and evil motive amounting to malice, and in conscious and reckless disregard of
2   his rights as an employee." Id. ¶ 31.  UHW moves to dismiss on the grounds that Apolinario
3   failed to plead sufficient facts to survive a motion to dismiss.  ECF No. 11 at 5.

4   "As the exclusive bargaining representative of [its] employees" a union has "a statutory
5   duty fairly to represent all of [its] employees, both in its collective bargaining . . . and in its
6   enforcement of the resulting collective bargaining agreement." Vaca v. Sipes, 386 U.S. 171, 176
7   (1967) (citations omitted).  "An employee has no absolute right to have a grievance taken to
8   arbitration." Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1482–83 (9th Cir. 1985).  "Unions
9   need not arbitrate every case." Indeed, they "may screen grievances and arbitrate only those they
10  believe are meritorious." Johnson v. U.S. Postal Serv., 756 F.2d 1461, 1465 (9th Cir. 1985).  A
11  union breaches its duty of fair representation "only when [its] conduct toward a member . . . is
12  arbitrary, discriminatory, or in bad faith." Vaca, 386 U.S. at 190.

13  A union's conduct is discriminatory if there is "substantial evidence of discrimination that
14  is intentional, severe, and unrelated to legitimate union objectives." Amalgamated Ass'n of St.,
15  Elec., Ry. & Motor Coach Emp. of Am. v. Lockridge, 403 U.S. 274, 301 (1971).  Its conduct is in
16  bad faith if there is "substantial evidence of fraud, deceitful action or dishonest conduct." Id.  And
17  finally, its conduct is "'arbitrary only if, in light of the factual and legal landscape at the time of
18  the union's actions, the union's behavior is so far outside a "wide range of reasonableness," as to
19  be irrational.'" Pegany v. C&H Sugar Co., Inc., 201 F.3d 444 (9th Cir. 1999) (quoting Air Line
20  Pilots Ass'n., Int'l v. O'Neill, 499 U.S. 65, 67 (1991)).  See also Peterson v. Kennedy, 771 F.2d
21  1244, 1253 (9th Cir. 1985) (noting union's actions may constitute arbitrary conduct if it simply
22  ignores a meritorious claim, if it fails to conduct even a minimal investigation of a grievance, or if
23  its actions evince "reckless disregard" for the rights of the employee).

24  Here, Apolinario has not pled facts upon which the Court can draw a reasonable inference
25  that UHW violated its duty of representation by any of these measures.  Though Apolinario asserts
26  that UHW "failed and refused . . . to provide Plaintiff effective representation," the FAC indicates,
27  to the contrary, that the union reviewed his case.  FAC ¶¶ 15, 17–20.  UHW initially filed a
28  grievance on his behalf, which it later chose to withdraw.  Id. ¶ 17.  Upon its withdrawal, the

1   UHW notified Apolinario of his right to appeal its decision. Id. ¶ 18. Apolinario subsequently

2   appealed, and his appeal was denied. Id. ¶ 20.

3         Nothing in the complaint evinces "reckless disregard" for Apolinario's rights, nor does it

4   indicate that the UHW failed to take action. See Peterson, 771 F.2d at 1254. At most, Apolinario

5   has alleged that he was terminated, and that the UHW chose not to pursue a grievance to the extent

6   that he desired. FAC ¶¶ 17–20. Unions have wide discretion in deciding whether to pursue a

7   grievance, so long as their conduct is not arbitrary, discriminatory, or in bad faith. See Peterson,

8   771 F.2d at 1253; Vaca, 386 U.S. at 190. Apolinario has alleged no facts from which the Court

9   can reasonably infer that the union acted arbitrarily, irrationally, and Plaintiff has failed to allege

10  "substantial evidence" of bad faith or discrimination. Instead, Plaintiff's claim is founded on

11  "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."

12  See Iqbal, 566 U.S. 678. He pleads no other facts that may give context or explanation to the

13  events of which he complains. It is not clear to the Court, nor could it be to UHW, what precisely

14  is the nature of Plaintiff's claim that UHW breached the duty of fair representation — that is,

15  whether UHW acted arbitrarily, in a discriminatory manner, or in bad faith.[1]

---

[1] The decision in Grotz v. Kaiser Found. Hospitals, Case No. C-12-3539 EMC, 2012 WL 5350254 (N.D. Cal. Oct. 29, 2012), provides an example of the kind of specific allegations that suffice to allege a violation of the duty of representation. In that case,

> plaintiff "offer[ed] several specific allegations to support her argument that the UHW breached its duty by handling her grievance in a perfunctory manner. First, she allege[d] that the UHW failed to make reasonable efforts to secure documentation related to her timecards to rebut the allegations against her. As Plaintiff was facing discipline because of allegedly fraudulent timecard entries, even a perfunctory investigation arguably required that the union examine the records on which the allegations were based, especially since she allege[d] that she had no prior disciplinary problems, that Ms. Taylor had engaged in a pattern of retaliatory conduct, and that Ms. Taylor had access to her time records. Yet Plaintiff was not permitted to view the timecard records herself and the union never tried to secure them for examination. Second, throughout the grievance process, the union did not raise the issue of retaliation. Nor was Plaintiff permitted to raise the issue. Third, two union representatives encouraged Plaintiff to sign a "last chance" agreement, despite the fact Plaintiff told them that it contained false statements, and the fact that one of them had not read it. Fourth, Plaintiff was not permitted to talk at the Step II meeting about her grievance, and she did not participate in the Step III grievance proceedings, contrary to the terms of the

United States District Court
Northern District of California

1    Accordingly, the Court GRANTS UHW's motion to dismiss. Plaintiff may file an
2 amended complaint addressing the deficiencies identified in this Order by no later than thirty days
3 from the date of this Order. A failure to file an amended complaint by the deadline may constitute
4 grounds for dismissal for failure to comply with a Court order and failure to prosecute pursuant to
5 Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED**.

Dated: April 10, 2014

_____
JON S. TIGAR
United States District Judge

---

[collective bargaining agreement]. Finally, several union representatives were "openly hostile towards the plaintiff and/or indifferent" during the course of the investigation.

Id. at *9. Plaintiff here makes no such specific allegations.

5