UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICARDO APOLINARIO,

    Plaintiff,

    v.

SETON MEDICAL CENTER,

    Defendant.

Case No. 13-cv-04219-VC

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 52

Plaintiff Ricardo Apolinario brought suit against his former employer, Seton Medical Center ("Seton") and United Healthcare Workers-West, Service Employees International Union (the "Union") alleging, respectively, that Seton's termination of Apolinario breached the collective bargaining agreement ("CBA"), and that the Union breached its duty of fair representation by failing to pursue his grievance to arbitration. On July 10, 2014, the Court dismissed with prejudice Apolinario's claims against the Union. Docket No. 49. Seton now moves for judgment on the pleadings. The motion is granted.

Apolinario alleges that, by terminating his employment, Seton breached the collective bargaining agreement and that this constituted an unfair labor practice in violation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), the Supreme Court explained:

> It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement. . . . [H]owever, we [have] recognized that this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory,

> dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding. Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. *Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.*

*Id.* at 163−64 (emphasis added) (citations and internal quotation marks omitted).

Here, Apolinario appears to concede that his claim against Seton is dependent on establishing a meritorious claim against the Union. *See* Docket No. 53, pages 5−6. Apolinario argues that he has "done just that." *Id.* at 6. But Apolinario's claims asserting a breach of duty by the Union have been dismissed with prejudice. His claims against Seton must necessarily also fail. Accordingly, Seton's motion for judgment on the pleadings is granted with prejudice.

**IT IS SO ORDERED**.

Dated: September 25, 2014

_____
VINCE CHHABRIA
United States District Judge